1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   RUTH LaTOURELLE,                    No. CIV S-10-2667-MCE-CMK

12                 Plaintiff,

13          vs.                          <u>FINDINGS AND RECOMMENDATIONS</u>

14   TERRY BARBER, et al.,

15                 Defendants.

16   _____/

17                 Plaintiff, who is proceeding pro se, brings this civil rights action.  Pending before

18   the court is defendants' motion to dismiss (Doc. 5).  Also before the court is plaintiff's request

19   (Doc. 6) for a continuance, which defendants oppose (<u>see</u> Doc. 7).  All defendants have been

20   served and appear by way of their motion to dismiss.  A hearing was held before the undersigned

21   on January 13, 2011, in Redding, California.  Philip B. Price, Esq., appeared for defendants.

22   Plaintiff appeared pro se.  After considering the arguments of the parties, the matter was

23   submitted.

24   ///

25   ///

26   ///

1

# I. PLAINTIFF'S ALLEGATIONS

This action proceeds on the original complaint, filed on September 30, 2010. Plaintiff names the following as defendants: Terry Barber, Wayne Virag, the County of Siskiyou, and the Siskiyou County Board of Supervisors.

According to plaintiff, in April 2006 she discovered that defendant Virag, who at the time was the director of the Siskiyou County Planning Department, had "multiple conflicts of interest with citizens who were engaged in planning activities. . ." with the county.  More specifically, plaintiff contends that defendant Virag had failed to disclose "over one dozen properties that he owned, partnerships that he had formed, and property sales that he had completed."  Plaintiff next alleges that she accepted a position with the Siskiyou County Planning Department on May 8, 2006, as an Assistant Planner.[1]  She worked in this position full-time as a permanent employee.  Her employment was subject to a union contract which provided, among other things, that plaintiff could only be disciplined for "just cause."

Based on plaintiff's belief that defendant Virag had violated his disclosure duties, plaintiff filed a complaint on May 24, 2006, with the California Fair Political Practices Commission and the California Attorney General's Office.   She states that she informed defendant Virag of her complaints the next day – May 25, 2006.  According to plaintiff, "[i]mmediately thereafter, Mr. Virag created a hostile work environment and began harassing and retaliating against Ms. LaTourelle."  Plaintiff claims that defendant Virag's conduct was "hostile, intimidating, demeaning, vicious, vindictive, and callous towards Ms. LaTourelle."

/ / /

/ / /

/ / /

---

[1]     Plaintiff states she accepted the position on May 24, 2008.  In the context of plaintiff's other allegations, however, it appears that she in fact began working for the Planning Department in May 2006.

1    Plaintiff claims that, in response to her complaints, defendant Virag was placed on

2  paid administrative leave on June 14, 2006.  According to plaintiff, on August 6, 2006,

3  defendants Virag and Barber, who was the interim director of the Planning Department, were

4  sitting outside the Siskiyou County Board of Supervisors chambers waiting for a hearing on the

5  matter.  Plaintiff alleges that "Mr. Virag told Ms. Barber that an employee had to be fired and

6  that he would do so after his meeting with the Board of Supervisors."  Plaintiff adds: "Ms.

7  Barber agreed with Mr. Virag, stating that 'she' was the only planner left and that the employee

8  would never be promoted."  Plaintiff claims that, at the time of this conversation, she was the

9  only female planner.

10    Plaintiff claims that defendant Virag was called into the hearing on August 6,

11  2006, and "terminated from employment on the spot" "based on the results of an investigation"

12  in which, known to Virag, plaintiff had participated.  According to plaintiff, after Virag's

13  termination, "Ms. Barber harassed Ms. LaTourelle and was hostile, intimidating, demeaning, and

14  callous towards her."

15    Next, plaintiff claims that she applied for the position of Assistant Director on

16  September 1, 2006.  She states that this position would have brought a substantial pay increase.

17  Plaintiff claims that she was denied the promotion by Barber "in retaliation for Ms. LaTourelle's

18  complaints about Mr. Virag.. . . ."  Plaintiff claims that she also applied for the position of

19  Associate Planner on September 6, 2006, and that Barber denied this promotion in retaliation.

20  According to plaintiff, Barber instead hired Rowland Hinkle, a younger person with less

21  experience than plaintiff.  Plaintiff states that she filed a claim with the California Department of

22  Fair Housing and Employment ("DFEH") "on or before August 10, 2008," alleging gender and

23  age discrimination.  She also states that she filed complaints with the DFEH and United States

24  Equal Opportunity Employment Commission ("EEOC") on October 6, 2008, alleging gender and

25  age discrimination.  Plaintiff states that she was terminated March 7, 2009.

26  / / /

1    Plaintiff claims that, between September 2006 and March 2009, she made

2  numerous requests for training that were denied by Barber.  She also claims that between August

3  2006 and March 2009 "Ms. Barber continually harassed Ms. LaTourelle, created a hostile work

4  environment, and intimidated and demeaned Ms. LaTourelle in retaliation for Ms. LaTourelle's

5  complaints about Mr. Virag and her discrimination complaints . . . ."

6    Plaintiff alleges that Barber was promoted in November 2006 and that, between

7  August 2006 and July 2008 Barber served plaintiff with two letters of reprimand.  In particular, a

8  July 9, 2008, "Notice of Proposed Disciplinary Action" recommended that plaintiff be suspended

9  for three days without pay.  A hearing on the recommendation was held on December 16, 2008,

10 before the Siskiyou County Board of Supervisors.  Plaintiff claims that she was denied due

11 process because she was not allowed "pre-hearing access to the 'evidence' the county would

12 present against her. . . ."  She alleges that this violated the county's policies, state law, as well as

13 the collective bargaining agreement.  She also claims that Barber disclosed plaintiff's

14 confidential medical  information during the hearing, which was open to the public.   The Board

15 of Supervisors upheld the three-day suspension on January 6, 2009.

16    In another incident, plaintiff claims that, sometime in February 2009, Barber

17 falsely accused plaintiff of harassing a co-worker plaintiff had previously visited at home during

18 the lunch hour.  According to plaintiff, Barber also "solicited a complaint against Ms. LaTourelle

19 from Rowland Hinkle."  Plaintiff states that she was served with another disciplinary notice in

20 February 2009, this time recommending that plaintiff be terminated.  Plaintiff was terminated on

21 March 7, 2009, by defendant Barber.

22    Plaintiff states that she received "right to sue" letters from DFEH and EEOC on

23 September 30, 2009.  This action was filed on September 30, 2010.

24 / / /

25 / / /

26 / / /

4

1    Plaintiff asserts that these facts give rise to the following ten claims:

2

3    | 1st Claim | Discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 (alleged against defendant County of Siskiyou only). |

4

5    | 2nd Claim | Discrimination and harassment in violation of the Section 4 of the Age Discrimination in Employment Act of 1967 (alleged against defendant County of Siskiyou only). |

6

7    | 3rd Claim | Discrimination and harassment in violation of California's Fair Employment and Housing Act (alleged against defendant County of Siskiyou only). |

8

9    | 4th Claim | Retaliation in violation of 42 U.S.C. § 1983 (alleged against defendants Virag and Barber). |

10   | 5th Claim | Wrongful termination (alleged against all defendants). |

11   | 6th Claim | Violations of California Labor Code § 1102.5 and/or California Government Code § 8547 (alleged against all defendants). |

12

13   | 7th Claim | Defamation (alleged against all defendants). |

14   | 8th Claim | Intentional infliction of emotional distress (alleged against all defendants). |

15   | 9th Claim | Invasion of privacy (alleged against defendant Barber only). |

16   | 10th Claim | Public disclosure of private facts (alleged against defendant Barber only). |

17

18

19   **II.  STANDARD FOR MOTION TO DISMISS**

20         In considering a motion to dismiss, the court must accept all allegations of

21   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

22   court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

23   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

24   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

26   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

5

1  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

2  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

3  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

5  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

6  and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

7  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

8  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

9  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

10  raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain

11  "enough facts to state a claim to relief that is plausible on its face." Id.  at 570.  "A claim has

12  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

13  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

14  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

15  than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

16  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

17  it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

18  (quoting Twombly, 550 U.S. at 557).

19  In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

20  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

21  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

22  documents whose contents are alleged in or attached to the complaint and whose authenticity no

23  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

24  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

25  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

26  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

1   1994).

2          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

3   amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

4   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

5

6                                    **III.  DISCUSSION**

7          Based on plaintiff's complaint, the 1st and 2nd Claims (against defendant

8   Siskiyou County) and 4th Claim (against defendants Virag and Barber) are the only instances

9   where plaintiff attempts to state federal claims.  All other claims are based on state law and

10  jurisdiction over such claims would be supplemental to jurisdiction over any cognizable federal

11  claims.

12         In their motion to dismiss, defendants argue, among other things, that some claims

13  are barred by the statute of limitations, some claims are inadequately plead, some claims fail to

14  state a claim for relief, some claims are barred by California Government Code immunities, and

15  some claims are barred by failure to comply with the California Tort Claims Act process.

16    **A.    Federal Claims**

17         1st Claim

18         Defendants argue:

19              Plaintiff's First Claim is based on alleged violations of Title VII of
20         the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2).  She does allege the
           filing of a complaint with the EEOC (¶ 41).  She alleges she received a
           right to sue letter from the EEOC on September 30, 2009 (¶ 52).  42
21         U.S.C. ¶ 2000e-5(f) requires that a civil complaint by the person aggrieved
           be filed within 90 days after the right to sue letter from the EEOC.  She
22         didn't file her civil action until exactly 1 year after she alleges she received
           the right to sue letter.  See Mitchell v. Los Angeles Community College
23         Dist., 861 F.2d 198, 202 (9th Cir. 1988).  Her First Claim must be
           dismissed.

24

25  Defendants are correct.  Plaintiff alleges that she received the EEOC right to sue letter on

26  September 30, 2009, and this action was filed more than 90 days later.

1     2nd Claim

2     Defendants argue:

3      Plaintiff's Second Claim is based on alleged violations of the
      Age Discrimination in Employment Act of 1967 (29 U.S.C. § 623).  She
4      does not allege compliance with the requirements of 29 U.S.C. § 626(d)(1)
      and (e), which are conditions precedent to such an action.  29 U.S.C.
5      § 626(d)(1) provides that such action cannot be brought until 60 days after
      a charge is filed with the Secretary.  She does not allege such filing.  29
6      U.S.C. § 626(e) provides that she cannot bring such an action until after
      receiving the notice provided for in this provision.  See Perkins v.
7      Silverstein, 939 F.2d 463, 470 (7th Cir. 1991). . . .

8 Under § 626(d), no civil action alleging employment discrimination under the Age

9 Discrimination in Employment Act may be brought until 60 days after a charge alleging unlawful

10 discrimination has been filed with the EEOC, and such charge must be filed within 180 days of

11 the allegedly unlawful conduct.  If the EEOC commences an enforcement action, the private right

12 of action disappears.  See 29 U.S.C. § 626(c).  If the EEOC dismisses the charge, then any

13 private civil action must be filed within 90 days after receipt of the notice of dismissal of the

14 charge.  See 29 U.S.C. § 626(e).

15     In this case, plaintiff alleges that she filed a "complaint" with the EEOC on

16 October 6, 2008, alleging age and gender discrimination.  This action was filed on September 30,

17 2010, which is more than 60 days after the "complaint" was filed with the EEOC.  Thus, it

18 appears that plaintiff has complied with § 626(d) and has not prematurely filed her action.

19 Plaintiff also alleges that she received a "right to sue" letter from the EEOC on September 30,

20 2009.  It is unclear, however, what plaintiff means by a "right to sue" letter.  However, it is clear

21 that, by granting plaintiff a "right to sue," the EEOC did not feel any need to commence its own

22 enforcement action.  To the extent the "right to sue" letter constituted the EEOC's notice that it

23 was taking no action on her charge, this letter would have triggered the 90-day clock under §

24 626(e).  Because this action was filed more than 90 days after the September 30, 2009, letter

25 from the EEOC, the 2nd Claim is also untimely.

26 / / /

<u>4th Claim</u>

Because the 1st and 2nd Claims are untimely, plaintiff's 4th Claim, against defendants Virag and Barber for alleged violations of 42 U.S.C. § 1983, is the only remaining federal claim.  Defendants argue that plaintiff's § 1983 claim is barred by the statute of limitations in its entirety against both defendants.

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387-88 (2007); <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988).  State tolling statutes also apply to § 1983 actions.  <u>See</u> <u>Elliott v. City of Union City</u>, 25 F.3d 800, 802 (citing <u>Hardin v. Straub</u>, 490 U.S. 536, 543-44 (1998)).

Before January 1, 2003, the statute of limitations for personal injury actions was one year.  <u>See</u> Cal. Code Civ. Proc. § 340(3); <u>see also</u> <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999) (citing <u>Elliott</u>, 25 F.3d at 802, and applying the one-year limitation period specified in § 340(3)).  The personal injury statute of limitation was extended by passage of California Code of Civil Procedure § 335.1 to two years, effective January 1, 2003.  <u>See</u> <u>Canatella v. Van De Kamp</u>, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1).  The extension of this statute of limitations does not apply retroactively to claims which were already barred under the one-year limitation period specified in § 340(3), plus any statutory tolling, as of the effective date of January 1, 2003.  <u>See</u> <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004) (citing <u>Douglas Aircraft v. Cranston</u>, 58 Cal.2d 462 (1962)).  However, the extended statute of limitations period provided for in § 335.1 is applicable to claims which are not yet barred.  <u>See</u> <u>Lamke v. Sunstate Equip. Co., LLC</u>, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (citing <u>Douglas</u>, 58 Cal.2d at 465).

/ / /

/ / /

1        In cases where the plaintiff alleges ongoing violations, claims outside the

2   limitations period which relate to claims within the limitations period may nonetheless be

3   actionable under the continuing violation doctrine.  In an employment discrimination case, the

4   Supreme Court stated that "discrete discriminatory acts are not actionable if time barred, even

5   when they are related to acts alleged in timely filed charges."  Nat'l R.R. Passenger Corp. v.

6   Morgan, 536 U.S. 101, 113 (2002).  However, where the plaintiff asserts claims resulting from an

7   alleged ongoing policy of discrimination, the continuing violation doctrine applies.  See

8   Gutowsky v. County of Placer, 108 F.3d 256, 259-60 (9th Cir. 1997).  In Gutowsky, the plaintiff

9   had alleged "that the widespread policy and practices of discrimination of which she complains

10  continued every day of her employment, including days that fall within the limitation period."  Id.

11  at 260.  Thus, there needs to be an allegation that the specific acts alleged are instances of some

12  broader policy.  See id.; see also Cholla Ready Mix Co. v. Civish, 382 F.3d 969, 974-5 (9th Cir.

13  2004) (citing Morgan, 536 U.S. at 113-14).

14        Here, plaintiff's claims necessarily accrued after May 8, 2006 – the day she was

15  hired as an Assistant Planner.  Thus, the two-year limitations period set forth in California Code

16  of Civil Procedure § 335.1 controls in this case.  Plaintiff's complaint was filed on September 30,

17  2010.  Therefore, any § 1983 claims which accrued before September 30, 2008, are time-barred.

18        In her 4th Claim, plaintiff alleges that defendants Virag and Barber violated his

19  civil rights, ostensibly through acts of retaliation.  As to Virag, plaintiff claims that the first

20  instances of retaliation occurred in May 2006 – after she informed Virag of her misconduct

21  complaint against him – and continued through the latest August 6, 2006 – the day plaintiff

22  alleges Virag was fired by the Board of Supervisors.  Thus, all claims against Virag necessarily

23  accrued before September 30, 2008, and are time-barred.

24  ///

25  ///

26  ///

As to Barber, plaintiff claims that Barber began harassing her after Virag's termination in August 2006, and that such harassment continued through to the date of plaintiff's termination in March 2009. The continuing violation doctrine does not apply to save plaintiff's claims against Barber relating to conduct allegedly occurring before September 30, 2008, because plaintiff does not allege an ongoing policy of discrimination. Rather, she alleges discrete discriminatory acts by Barber. The only claims plaintiff raises against Barber for the period between September 30, 2008, and September 30, 2010, relate to claims that Barber falsely accused plaintiff in early 2009 of harassing co-workers. Such claims are timely. All other claims against Barber are not.

Defendants argue that plaintiff does not state any § 1983 claims against Barber. This is incorrect. While defendants are generally accurate in stating that plaintiff's § 1983 claim "is based on a denial of her right to oppose and speak out about defendant's illegal activities," defendants improperly circumscribe plaintiff's claim against Barber by stating that "the only defendant that she alleges committing illegal activities about which she complained was Virag." Even though plaintiff alleges that only Virag violated his disclosure duties, and even though she alleges that she complained to the Board of Supervisors and other entities only about Virag's violations, it is still plausible that Barber also retaliated against plaintiff because she complained about Virag. Plaintiff so alleges in the complaint when she states that "Ms. Barber agreed with Mr. Virag . . . that 'she' [meaning plaintiff] . . . would never be promoted" and that "Ms. LaTourelle was denied the promotion by Ms. Barber in retaliation for Ms. LaTourelle's complaints about Mr. Virag" and that "[b]etween August 2006 and the date that she was terminated, March 7, 2009, Ms. Barber continually harassed Ms. LaTourelle . . . in retaliation for Ms. LaTourelle's complaints about Mr. Virag. . . ." It is clear that plaintiff alleges that Barber engaged in discreet acts of retaliation, separate from Virag's alleged actions, because she exercised her rights to file grievances and petition the government for redress of Virag's disclosure violations.

1    Citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), defendants also argue

2  that plaintiff's § 1983 claim cannot proceed because she does not allege any custom or practice

3  of the County of Siskiyou that resulted in violation of plaintiff's rights.  While this argument

4  would be correct if plaintiff intended to establish municipal liability against the county defendant,

5  plaintiff specifically states in her complaint that the § 1983 claim relates to Virag and Barber

6  only.  Plaintiff is not alleging municipal liability.  Therefore, the rule of Monell does not apply in

7  this case.

8    Finally, defendants challenge plaintiff's § 1983 claim arguing that plaintiff has not

9  alleged that defendants Virag or Barber acted under color of state law.  This argument is without

10  merit.  Construing the complaint liberally – as the court must, particularly in cases involving pro

11  se pleaders – plaintiff adequately alleges that Barber acted under color of state law.[2]  Specifically,

12  plaintiff clearly alleges that Barber was a county employee.  She also clearly alleges that Barber

13  used her position of authority to retaliate against plaintiff by denying her promotions and/or

14  falsely accusing her of harassing co-workers and initiating disciplinary actions based on such

15  accusations.

16  **B.**    **State Law Claims**

17    It is necessary to address plaintiff's state law claims because, as discussed above,

18  plaintiff has stated a prima facie federal § 1983 claim against Barber based on retaliation.

19  Therefore, federal subject matter jurisdiction exists and this court may exercise supplemental

20  jurisdiction over plaintiff's state law claims.

21  / / /

22  / / /

23  / / /

24

25    [2]    It does not matter whether plaintiff has adequately alleged that Virag acted under
26  color of state law because, even assuming he did, plaintiff's claims against Virag are time-barred.

1

        3rd Claim

2       Plaintiff claims that the County of Siskiyou is liable based on violation of

3 "California Government Code Section 2900, *et seq.*" which plaintiff states is California's Fair

4 Employment and Housing Act.  According to defendant, "[s]uch provisions do not exist and

5 cannot give rise to a claim."  This argument is a bit hypertechnical and appears to be based on a

6 typo contained in the complaint.  There is in fact a California Fair Employment and Housing Act,

7 which plaintiff correctly identifies as precluding unlawful discrimination in employment.  This

8 act, however, is codified at California Government Code § 12900, et seq.  Plaintiff simply

9 omitted the "1" in her statutory citation, but correctly identified the act by name.  Federal

10 pleading practice only requires that the allegations be sufficient to put defendants on notice of the

11 plaintiff's claim.  Here, plaintiff has sufficiently done so by correctly identifying the act by name.

12 Accepting defendants' argument would be to put form over substance, which is contrary to the

13 principles of notice pleading.

14

        5th Claim

15      Plaintiff claims that all defendants are liable for violating her rights under Article

16 1, Section 1, of the California Constitution.  Plaintiff claims that this provision "guarantees

17 Plaintiff the right to oppose illegal activities and to speak out on matters of public importance."

18 She further characterizes her claim as a "violat[ion] of public policy against wrongful

19 termination."

20      Defendants are correct that, in essence, plaintiff's 5th Claim is for the tort of

21 wrongful termination.  Defendants are also correct that such a claim as against a public entity is

22 barred under California law.  See Miklosy v. Regents of University of California, 44 Cal.4th 876,

23 900 (2008).  In Miklosy, the California Supreme Court concluded that California Government

24 Code § 815 "abolishes common law tort liability for public entities" and held that a tort claim of

25 wrongful termination against public policy is barred.  See id.  As to the individual defendants, the

26 Court in Miklosy also stated that a common law tort action for wrongful termination against

1  public policy cannot lie against an individual who is not an actual employer.  See id. at 900-01.

2  The Court also noted more generally that "a university employee who believes she is the victim

3  of retaliation is limited to a statutory claim for damages under section 8547.10."  See id. at 899.

4       Plaintiff's 5th Claim is barred in its entirety.  See Ortiz v. Lopez, 688 F.Supp.2d

5  1072 (E.D. Cal. 2010).

6       6th Claim

7       Plaintiff claims that all defendants are liable for violation of California Labor

8  Code § 1102.5 and/or California Government Code § 8547.  As to § 1102.5, defendants are

9  correct that the claim is deficient because plaintiff has not alleged exhaustion of administrative

10  remedies via a claim with the Labor Commissioner, which is a pre-requisite to an action under

11  § 1102.5.  See Ortiz, 688 F.Supp.2d at 1080.  Because it is possible that plaintiff did in fact file

12  such a claim but simply failed to allege that she did, plaintiff should be provided an opportunity

13  to amend.  As to § 8547, defendants correctly note that this provision is limited to state

14  employees and does not provide a right to county employees.  See Cal. Gov't Code § 8547.2(a)

15  (defining "employee" as a person employed by a State agency).

16       7th Claim

17       Plaintiff claims that all defendants are liable for the common law tort of

18  defamation.  As defendants correctly note, state and federal law requires defamation claims to be

19  plead with particularity by alleging the specific instances of defamatory utterances.  See Gilbert

20  v. Sykes, 147 Cal.App.4th 13, 31 (2007); see Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198,

21  1216 (C.D. Cal. 1004).  Plaintiff should be granted leave to amend.

22       8th Claim

23       Plaintiff claims that all defendants are liable for the common law tort of

24  intentional infliction of emotional distress.  Defendants argue that claims for emotional distress

25  and personal injury are barred by the Workers' Compensation exclusivity provisions.  This is true

26  where the claims are based on alleged conduct which was within the course of employment.  See

1    <u>Hughes Aircraft Co. v. Superior Court</u>, 44 Cal.App.4th 1790, 1794 (1996).  Here, reading the

2    complaint liberally, it is plausible that defendants' alleged conduct in this case – falsely accusing

3    plaintiff of harassing co-workers, retaliation, etc. – fell outside the course of county employment.

4                                    <u>9th & 10th Claims</u>

5            Plaintiff alleges that defendant Barber is liable for public disclosure of private

6    facts and invasion of privacy.  Defendants contend that plaintiff's claims are deficient because

7    she does not state what private facts were disclosed.  This argument is unpersuasive as plaintiff

8    has alleged in the complaint that Barber disclosed confidential medical information.  Plaintiff

9    need not compound the alleged violation by setting forth the exact nature of the confidential

10   information in the instant complaint.

11           Defendants also argue that the claims are barred because they arises from what

12   Barber allegedly said during the suspension hearing before the Board of Supervisors in December

13   2008.  According to defendants, such a proceeding is quasi-judicial in nature and, as such,

14   "anything said during the meeting is absolutely privileged under California Civil Code § 47(a) &

15   (b)."  The cases cited by defendants, however, relate to privilege in the context of clearly judicial

16   proceedings, not quasi-judicial proceedings (assuming the Board of Supervisors suspension

17   hearing could be classified as such).  Defendants' argument is unpersuasive.

18

19                              **IV.  CONCLUSION**

20           Addressing plaintiff's request for a continuance, the court finds no reason to delay

21   dismissal of those claims not subject to amendment.  As to other claims, plaintiff should be

22   provided an opportunity to amend.  Plaintiff may retain counsel to assist her with preparation and

23   filing of an amended complaint.

24   / / /

25   / / /

26   / / /

1        Based on the foregoing, the undersigned recommends that:

2        1.      Plaintiff's request for a continuance (Doc. 6) be denied;

3        2.      Defendants' motion to dismiss (Doc. 5) be granted in part and denied in

4   part;

5        3.      Plaintiff's 1st, 2nd, and 5th Claims be dismissed in their entirety with

6   prejudice;

7        4.      Plaintiff's 4th Claim be dismissed with prejudice except  plaintiff's claim

8   against defendant Barber relating to allegedly retaliatory conduct occurring between September

9   30, 2008, and September 30, 2010;

10       5.      Plaintiff's 6th and 7th Claims be dismissed with leave to amend; and

11       6.      Defendant Virag be dismissed with prejudice.

12       These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

14  after being served with these findings and recommendations, any party may file written

15  objections with the court.  Responses to objections shall be filed within 14 days after service of

16  objections.  Failure to file objections within the specified time may waive the right to appeal.

17  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19

20   DATED:  January 20, 2011

21                                        _____

22                                        CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE
23

24

25

26