IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUTH LaTOURELLE,                    No. CIV S-10-2667-MCE-CMK

    Plaintiff,

  vs.                              FINDINGS AND RECOMMENDATIONS

TERRY BARBER, et al.,

    Defendants.

_____/

    Plaintiff, who is proceeding pro se, brings this civil rights action. Pending before the court are: (1) defendants' motion to dismiss (Doc. 21); and (2) plaintiff's motion for leave to amend (Doc. 19). is defendants' motion to dismiss (Doc. 5). A hearing was held before the undersigned on July 7, 2011, in Redding, California. Philip B. Price, Esq., appeared for defendants. Plaintiff appeared pro se. After considering the arguments of the parties, the matters were submitted.

## I. BACKGROUND

### A. Plaintiff's Allegations

    In the original complaint, plaintiff named the following as defendants: Terry Barber, Wayne Virag, the County of Siskiyou, and the Siskiyou County Board of Supervisors.

According to plaintiff, in April 2006 she discovered that defendant Virag, who at the time was the director of the Siskiyou County Planning Department, had "multiple conflicts of interest with citizens who were engaged in planning activities. . ." with the county. More specifically, plaintiff contends that defendant Virag had failed to disclose "over one dozen properties that he owned, partnerships that he had formed, and property sales that he had completed." Plaintiff next alleges that she accepted a position with the Siskiyou County Planning Department on May 8, 2006, as an Assistant Planner.[1] She worked in this position full-time as a permanent employee. Her employment was subject to a union contract which provided, among other things, that plaintiff could only be disciplined for "just cause."

Based on plaintiff's belief that defendant Virag had violated his disclosure duties, plaintiff filed a complaint on May 24, 2006, with the California Fair Political Practices Commission and the California Attorney General's Office. She states that she informed defendant Virag of her complaints the next day – May 25, 2006. According to plaintiff, "[i]mmediately thereafter, Mr. Virag created a hostile work environment and began harassing and retaliating against Ms. LaTourelle." Plaintiff claims that defendant Virag's conduct was "hostile, intimidating, demeaning, vicious, vindictive, and callous towards Ms. LaTourelle."

Plaintiff claims that, in response to her complaints, defendant Virag was placed on paid administrative leave on June 14, 2006. According to plaintiff, on August 6, 2006, defendants Virag and Barber, who was the interim director of the Planning Department, were sitting outside the Siskiyou County Board of Supervisors chambers waiting for a hearing on the matter. Plaintiff alleges that "Mr. Virag told Ms. Barber that an employee had to be fired and that he would do so after his meeting with the Board of Supervisors." Plaintiff adds: "Ms. Barber agreed with Mr. Virag, stating that 'she' was the only planner left and that the employee

---

[1] Plaintiff states she accepted the position on May 24, 200<u>8</u>. In the context of plaintiff's other allegations, however, it appears that she in fact began working for the Planning Department in May 2006.

2

would never be promoted." Plaintiff claims that, at the time of this conversation, she was the only female planner.

Plaintiff claims that defendant Virag was called into the hearing on August 6, 2006, and "terminated from employment on the spot" "based on the results of an investigation" in which, known to Virag, plaintiff had participated. According to plaintiff, after Virag's termination, "Ms. Barber harassed Ms. LaTourelle and was hostile, intimidating, demeaning, and callous towards her."

Next, plaintiff claims that she applied for the position of Assistant Director on September 1, 2006. She states that this position would have brought a substantial pay increase. Plaintiff claims that she was denied the promotion by Barber "in retaliation for Ms. LaTourelle's complaints about Mr. Virag.. . . ." Plaintiff claims that she also applied for the position of Associate Planner on September 6, 2006, and that Barber denied this promotion in retaliation. According to plaintiff, Barber instead hired Rowland Hinkle, a younger person with less experience than plaintiff. Plaintiff states that she filed a claim with the California Department of Fair Housing and Employment ("DFEH") "on or before August 10, 2008," alleging gender and age discrimination. She also states that she filed complaints with the DFEH and United States Equal Opportunity Employment Commission ("EEOC") on October 6, 2008, alleging gender and age discrimination. Plaintiff states that she was terminated March 7, 2009.

Plaintiff claims that, between September 2006 and March 2009, she made numerous requests for training that were denied by Barber. She also claims that between August 2006 and March 2009 "Ms. Barber continually harassed Ms. LaTourelle, created a hostile work environment, and intimidated and demeaned Ms. LaTourelle in retaliation for Ms. LaTourelle's complaints about Mr. Virag and her discrimination complaints . . . ."

Plaintiff alleges that Barber was promoted in November 2006 and that, between August 2006 and July 2008 Barber served plaintiff with two letters of reprimand. In particular, a July 9, 2008, "Notice of Proposed Disciplinary Action" recommended that plaintiff be suspended

for three days without pay.  A hearing on the recommendation was held on December 16, 2008, before the Siskiyou County Board of Supervisors.  Plaintiff claims that she was denied due process because she was not allowed "pre-hearing access to the 'evidence' the county would present against her. . . ."  She alleges that this violated the county's policies, state law, as well as the collective bargaining agreement.  She also claims that Barber disclosed plaintiff's confidential medical information during the hearing, which was open to the public.  The Board of Supervisors upheld the three-day suspension on January 6, 2009.

In another incident, plaintiff claims that, sometime in February 2009, Barber falsely accused plaintiff of harassing a co-worker plaintiff had previously visited at home during the lunch hour.  According to plaintiff, Barber also "solicited a complaint against Ms. LaTourelle from Rowland Hinkle."  Plaintiff states that she was served with another disciplinary notice in February 2009, this time recommending that plaintiff be terminated.  Plaintiff was terminated on March 7, 2009, by defendant Barber.

Plaintiff states that she received "right-to-sue" letters from DFEH and EEOC on September 30, 2009.  This action was filed on September 30, 2010.

In the original complaint, plaintiff asserted that these facts give rise to the following ten claims:

| | | |
|---|---|---|
| 1st Claim | Discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 (alleged against defendant County of Siskiyou only). | |
| 2nd Claim | Discrimination and harassment in violation of the Section 4 of the Age Discrimination in Employment Act of 1967 (alleged against defendant County of Siskiyou only). | |
| 3rd Claim | Discrimination and harassment in violation of California's Fair Employment and Housing Act (alleged against defendant County of Siskiyou only). | |
| 4th Claim | Retaliation in violation of 42 U.S.C. § 1983 (alleged against defendants Virag and Barber). | |
| 5th Claim | Wrongful termination (alleged against all defendants). | |

| | | |
|---|---|---|
| 6th Claim | Violations of California Labor Code § 1102.5 and/or California Government Code § 8547 (alleged against all defendants). |
| 7th Claim | Defamation (alleged against all defendants). |
| 8th Claim | Intentional infliction of emotional distress (alleged against all defendants). |
| 9th Claim | Invasion of privacy (alleged against defendant Barber only). |
| 10th Claim | Public disclosure of private facts (alleged against defendant barber only). |

**B.      Procedural History**

This action was commenced with the filing of the original complaint on September 30, 2010. Defendants moved to dismiss the complaint on December 8, 2010. That motion was granted in part and denied in part on March 31, 2011 (see District Judge order at Doc. 14). In particular, the 1st, 2nd, and 5th claims alleged in the complaint were dismissed without leave to amend, the 4th claim was dismissed without leave to amend except as to plaintiff's claim against defendant Barber relating to allegedly retaliatory conduct occurring between September 30, 2008, and September 30, 2010, the 6th and 7th claims were dismissed with leave to amend, and defendant Virag was dismissed with prejudice. All other claims (i.e., the 3rd, 8th, 9th, and 10th) were permitted to proceed as originally alleged.

On April 13, 2011, defendants filed an answer to the original complaint even though plaintiff had not yet filed her first amended complaint. Plaintiff then filed her first amended complaint on May 16, 2011, along with a motion for leave to amend to add a new claim to the first amended complaint not raised in the original complaint or addressed in the court's March 31, 2011, order. Defendants filed the currently pending motion to dismiss the first amended complaint on May 27, 2011.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of

material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

**A.  Motion for Leave to Amend**

Pursuant to the District Judge's March 13, 2011, order, the 3rd, 8th, 9th, and 10th claims were permitted to proceed as originally alleged. The 4th claims was permitted to proceed as originally alleged, but only on plaintiff's retaliation claim against defendant Barber for the period between September 30, 2008, and September 30, 2010. Plaintiff was permitted to amend the 6th and 7th claims. The 1st, 2nd, 5th, and those portions of the 4th claim not relating to retaliation by Barber between September 30, 2008, and September 30, 2010, were dismissed with prejudice.

In the first amended complaint filed on May 16, 2011, plaintiff alleges the same underlying facts and asserts eight claims as follows:

> 1st Claim    Discrimination and harassment in violation of California's Fair Employment and Housing Act (alleged against defendant County of Siskiyou only).[2]

---

[2]  This was originally alleged as plaintiff's 3rd claim, which was allowed to proceed.

7

| | | |
|---|---|---|
| 2nd Claim | Retaliation in violation of 42 U.S.C. § 1983 (alleged against defendant Barber).[3] |
| 3rd Claim | Defamation (alleged against all defendants).[4] |
| 4th Claim | Intentional infliction of emotional distress (alleged against all defendants).[5] |
| 5th Claim | Invasion of privacy (alleged against defendant Barber only).[6] |
| 6th Claim | Public disclosure of private facts (alleged against defendant barber only).[7] |
| 7th Claim | Denial of right of association in violation of 42 U.S.C. § 1983 (alleged against defendant Barber only). |
| 8th Claim | Violations of California Labor Code § 1102.5 (alleged against all defendants).[8] |

Plaintiff seeks leave to amend with respect to the 7th claim listed above, which was not alleged in the original complaint and, therefore, not the subject of defendants' first motion to dismiss or the court's March 13, 2011, order. In opposing plaintiff's request to add the new claim, defendants argue that the court should not permit the new claim to be added because she cannot state a claim for denial of her right to free association. In essence, defendants argue that allowing the 7th claim would be futile.

---

[3] This was originally alleged as the 4th claim, which was permitted to proceed with respect to alleged retaliation by Barber between September 30, 2008, and September 30, 2010.

[4] This was originally alleged as the 7th claim, as to which plaintiff was permitted leave to amend

[5] This was originally alleged as the 8th claim, as to which plaintiff was permitted leave to amend.

[6] This was originally alleged as the 9th claim, which was allowed to proceed.

[7] This was originally alleged as the 10th claim, which was allowed to proceed.

[8] This was originally alleged as the 6th claim, as to which plaintiff was permitted leave to amend.

| | |
|---|---|
| 1 | The constitutionally protected freedom of association has two categories: (1) the |
| 2 | freedom of intimate association, which is coextensive with the right to privacy; and (2) the |
| 3 | freedom of expressive association, which is implicit in the First Amendment's guarantees. See |
| 4 | Roberts v. United States Jaycees, 468 U.S. 609, 618 (1984). Defendant argues that a freedom of |
| 5 | association claim brought by a current or former public employee must allege that the |
| 6 | associational conduct relates to a matter of public concern. There is a split among the circuits on |
| 7 | this issue. See Tang v. R.I. Dep't of Elderly Affairs, 163 F.3d 7, 11 n.4 (1st Cir. 1998) |
| 8 | (recognizing split). The Second, Fourth, Sixth, and Seventh Circuits follow the rule proposed by |
| 9 | defendants here. See Cobb v. Pozzi, 363 F.3d 89, 102-03 (2nd Cir. 2004). Defendants cite no |
| 10 | Ninth Circuit authority in support of either position. Reading the complaint liberally and in favor |
| 11 | of plaintiff, the new 7th claim asserted in the first amended complaint should be allowed to |
| 12 | proceed. |

Defendants also argue that the new claim cannot relate back to the original complaint because it is based on new facts alleged only in the first amended complaint. This argument is unpersuasive. In the original complaint, as in the first amended complaint, plaintiff claims that Barber infringed upon her associational rights by falsely accusing her of harassing a co-worker at home. It is the association with the co-worker that is at issue in the new 7th claim. Thus, the same operative nucleus of facts support the new claim.

The motion for leave to amend should be granted.

**B.** **Motion to Dismiss**

In their motion to dismiss the first amended, defendants raise the following arguments:

| | | |
|---|---|---|
| Point 1 | | Plaintiff's state law tort claims (3rd, 4th, 5th, and 8th Claims) are barred by failure to comply with the Tort Claims Act. |
| Points 2 & 3 | | Plaintiff's 8th Claim fails to state a claim for relief. |
| Points 4 & 5 | | Plaintiff's 1st Claim is limited to matters raised in a timely complaint to the Fair Housing and Employment Department. |

| | | |
|---|---|---|
| 1 | Point 6 | Plaintiff's 2nd Claim is barred by the statute of limitations. |
| 2 | Point 7 | Plaintiff's 3rd Claim is inadequately alleged. |
| 3 | Point 8 | Plaintiff's new 7th Claim fails to state a claim for relief.[9] |
| 4 | Point 9 | Plaintiff's new 7th Claim is barred by the statute of limitations. |

Defendants also argue that the court should dismissed all state law claims because "the federal claims (Second and Seventh Causes of Action) against the defendant Barber are barred by the statute of limitations. . . ."

1. <u>Federal Claims</u>

The federal claims alleged in the first amended complaint are plaintiff's 2nd and 7th Claims. The 2nd Claim, previously alleged in the original complaint as the 4th claim, was allowed to proceed as against defendant Barber with respect to alleged retaliation between September 30, 2008, and September 30, 2010. In Point 6, defendants argue that this claim is barred by the statue of limitations. The District Judge, however, rejected this argument in the March 13, 2011, order.

In Point 9, defendants argue that the new 7th Claim is also barred by the statute of limitations. For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 387-88 (2007); <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985); <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988). State tolling statutes also apply to § 1983 actions. <u>See</u> <u>Elliott v. City of Union City</u>, 25 F.3d 800, 802 (citing <u>Hardin v. Straub</u>, 490 U.S. 536, 543-44 (1998)).

Before January 1, 2003, the statute of limitations for personal injury actions was one year. <u>See</u> Cal. Code Civ. Proc. § 340(3); <u>see also</u> <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999) (citing <u>Elliott</u>, 25 F.3d at 802, and applying the one-year limitation period specified in

---

[9] This argument is, in essence, defendants' opposition to granting leave to amend to add this claim, and is discussed above.

§ 340(3)).  The personal injury statute of limitation was extended by passage of California Code of Civil Procedure § 335.1 to two years, effective January 1, 2003.  See Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007) (citing Cal. Code Civ. Proc. § 335.1).  The extension of this statute of limitations does not apply retroactively to claims which were already barred under the one-year limitation period specified in § 340(3), plus any statutory tolling, as of the effective date of January 1, 2003.  See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Douglas Aircraft v. Cranston, 58 Cal.2d 462 (1962)).  However, the extended statute of limitations period provided for in § 335.1 is applicable to claims which are not yet barred.  See Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (citing Douglas, 58 Cal.2d at 465).

Defendants argue that the possible conduct supporting the 7th Claim occurred in December 2008, January 2009, or March 2009 and that, because all these dates are more than two years prior to the filing of the first amended complaint, they are barred.  As discussed above, however, the first amended complaint should be found to relate back to the filing date of the original complaint, which was September 2010.  Given this filing date, the 7th Claim is timely.

### 2. State Law Claims

It is necessary to address plaintiff's state law claims because, as discussed above, plaintiff has stated a prima facie federal § 1983 claim against Barber based on retaliation and denial of freedom of association (2nd and 7th Claims).  Therefore, federal subject matter jurisdiction exists and this court may exercise supplemental jurisdiction over plaintiff's state law claims.  The state law claims alleged in the first amended complaint are plaintiff's 1st, 3rd, 4th, 5th, and 8th Claims.  Defendants argue: (1) the 3rd, 4th, 5th, and 8th Claims are barred by failure to comply with the Tort Claims Act;[10] (2) the 1st Claim must be limited to matters raised in a timely complaint to the Fair Housing and Employment Department; (3) the 3rd Claim is

---

[10] Defendants concede that this argument is inapplicable to the 1st Claim.

11

inadequately alleged; and (4) the 8th Claim fails to state a claim for relief.

As defendants correctly note, a plaintiff must plead compliance with California's claims filing requirements and a denial of her claims by the state, and that such compliance is jurisdictional. See Taylor v. Mitzel, 82 Cal.App.3d 665, 671 (1978). Defendants contend that the first amended complaint fails to contain these required allegations with respect to her state law claims. In her opposition, plaintiff argues that she in fact complied with the tort claims filing process. Defendants, however, remain correct that these factual allegations are not contained in the first amended complaint, which should be dismissed with further leave to amend compliance with the Tort Claims Act in a single pleading.

Defendants argue that plaintiff's 1st Claim must be limited. Specifically, they assert that a right-to-sue letter issued by the Department of Fair Housing and Employment on August 10, 2008, was the result of a claim of age and gender discrimination and not the harassment alleged in this case. Defendants conclude that any allegations of harassment contained in the 1st Claim are irrelevant and cannot give rise to a unique claim because they were not included in the claim to the Department of Fair Housing and Employment and not addressed in the right-to-sue letter. This argument is persuasive. While allegations of harassment may be relevant to plaintiff's § 1983 retaliation claim, they cannot form the basis of a separate state law claim for relief because such claims are limited by the right-to-sue letter. The 1st Claim should be limited to discrimination

Next, defendants contend that the 3rd Claim is "inadequately alleged." Plaintiff's 3rd Claim is for defamation, as to which plaintiff was granted leave to amend because she had not alleged specific instances of defamatory utterances. See Gilbert v. Sykes, 147 Cal.App.4th 13, 31 (2007); see Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 1004). According to defendants, while plaintiff has included allegations of specific instances of defamatory utterances, the utterances in question are all privileged. Privilege, however, is a

matter of admissibility and not pleading.  It may be that plaintiff will not be able to prove her claim due to the operation of certain privileges, but they do not prevent her from asserting the claim.

Finally, defendants argue that the 8th Claim fails to state a claim for relief.  The current 8th Claim was originally the 6th Claim, as to which plaintiff was granted leave to amend because plaintiff had not alleged exhaustion of administrative remedies via a claim with the state Labor Commissioner.  See Ortiz v. Lopez, 688 F.Supp.2d 1072, 1080 (E.D. Cal. 2010). Defendant renews this argument as to the 8th Claim alleged in the first amended complaint. Plaintiff's argument that she is not required to plead exhaustion is unpersuasive in light of the clear case law.  Because it appears that plaintiff is either unwilling or unable to allege exhaustion despite having been granted leave to amend to do so, the 8th Claim should now be dismissed with prejudice.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion for leave to amend (Doc. 19) to add the new 7th Claim be granted;

2. Defendants' motion to dismiss (Doc. 21) should be granted in part and denied in part;

3. The 3rd, 4th, 5th, and 8th Claims are dismissed with leave to amend because plaintiff failed to allege compliance with the state's Tort Claims Act;

4. The 1st Claim is limited to allegations of discrimination addressed in the right-to-sue letter;

5. The 8th Claim should be dismissed with prejudice; and

6. Plaintiff should be provided an opportunity to file a second amended complaint to allege compliance with the state's Tort Claims Act in a single pleading.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2012

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE