IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUTH LaTOURELLE,   No. CIV S-10-2667-MCE-CMK

    Plaintiff,

  vs.   ORDER

TERRY BARBER, et al.,

    Defendants.

_____/

    Plaintiff, who is proceeding pro se, brings this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On January 24, 2012, the Magistrate Judge filed findings and recommendations herein which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis, except as outlined below.

1

In their objections to the January 24, 2012, findings and recommendations, Defendants note that, while they have argued that Plaintiff's 6th Claim (set forth as the 10th claim in the original complaint) that Defendant Barber committed a state tort by disclosing private facts is deficient because Plaintiff has failed to allege compliance with the state's tort claims process, the Magistrate Judge overlooked this argument. It appears that Defendants' objections are based on a clerical mistake contained within the January 24, 2012, findings and recommendations. In particular, Defendants argue in their motion to dismiss that all the state law tort claims – including the 6th Claim – must be dismissed with leave to amend for failure to allege compliance with the tort claims process. The Magistrate Judge summarized this argument as follows: "Defendants argue: . . . the 3rd, 4th, 5th, and 8th Claims are barred by failure to comply with the Tort Claims Act. . . ." In fact, Defendants' argument pertained to the 3rd, 4th, 5th, and **6th** Claims. The Magistrate Judge agreed. The Magistrate Judge accurately summarized and discussed Defendants' specific arguments relating to the 8th Claim elsewhere in the findings and recommendations. Despite the clerical error (i.e., the "8th" was substituted for "6th"), the findings and recommendations correctly address the issue of pleading compliance with the state tort claims process. The 3rd, 4th, 5th and 6th claims are thus dismissed with leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 24, 2012 (ECF No. 27), are ADOPTED in full, except as outlined above with respect to the 6th Claim;

2. Plaintiff's motion for leave to amend (ECF No. 19) to add the new 7th Claim is GRANTED;

3. Defendants' motion to dismiss (ECF No. 21) is GRANTED in part and DENIED in part;

4. The 3rd, 4th, 5th and 6th Claims are DISMISSED with leave to amend because Plaintiff failed to allege compliance with the state's Tort Claims Act;

| | |
|---|---|
| 1 | 5. The 1st Claim is limited to allegations of discrimination addressed in the |
| 2 | right-to-sue letter; |
| 3 | 6. The 8th Claim is DISMISSED with prejudice; and |
| 4 | 7. Plaintiff shall file an second amended complaint within thirty (30) days of |
| 5 | the date this Order is electronically filed to allege compliance with the state's Tort Claims Act in |
| 6 | a single pleading. |

Dated: March 28, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE