IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH LaTOURELLE, | No. 2:10-CV-2667-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| TERRY BARBER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil rights action.

Plaintiff seeks leave to proceed in forma pauperis. Because plaintiff has paid the filing fee, plaintiff's motion will be denied as unnecessary.

A status/scheduling conference is hereby set before the undersigned on July 18, 2012, at 10:00 a.m. in Redding, California.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc 35) is denied as unnecessary;

/ / /

/ / /

2. All parties shall appear by counsel or in person if acting without counsel. Plaintiffs proceeding pro se must each appear at the status conference and are reminded that they may not make appearances for other plaintiffs proceeding pro se.

3. The parties shall submit to the court and serve by mail on all other parties, no later than seven (7) days before the conference, a status/scheduling report addressing the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);

    g. The potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution Program (see Local Rule 271) is appropriate in this case;

    h. Future proceedings, including setting appropriate cut-off dates for discovery and law and motion and the scheduling of a pretrial conference and trial;

    i. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

    j. Whether the case is related to any other case, including matters in bankruptcy;

    k. Whether the counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving any disqualifications by virtue of her so acting, or whether they prefer to have a Settlement Conference before another judge; and

1          l.  Any other matters that may add to the just and expeditious disposition of this matter.

4.     Plaintiff and defense counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (<u>see</u> Local Rule 160).  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED:  June 8, 2012

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE